UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————x

P.T.; J.A.T.; J.T.; and M.V.,

                Plaintiffs,

      -against-

THE ROCKEFELLER UNIVERSITY
A/K/A ROCKEFELLER UNIVERSITY
HOSPITAL F/K/A THE ROCKEFELLER
INSTITUTE AND THE ROCKEFELLER
INSTITUTE FOR MEDICAL RESEARCH,

            Defendant.
——————————————————————x

Civ. No. 21-6740 (JMF)

### [Proposed] ORDER ON PLAINTIFFS' ANONYMITY

      WHEREAS Plaintiffs initiated this action and filed their complaint by initials, rather than their legal names;

      WHEREAS Plaintiffs' allegations in this action concern alleged childhood sexual abuse;

      WHEREAS in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008), the Second Circuit set forth ten non-exhaustive factors for courts to consider in determining whether "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant";

      WHEREAS the *Sealed Plaintiff* factors are "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . . ; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . .

particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff . . . ."  537 F.3d at 189-90 (internal quotation marks and citations omitted);

WHEREAS the Plaintiffs in this case allege that they were sexually abused as children, which courts have construed to constitute "matters that are highly sensitive and personal in nature," *Doe No. 1 v. Nygard*, No. 20 Civ. 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020); *Doe v. Vassar Coll.*, No. 19 Civ. 09601 (NSR), 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019) ("Allegations of sexual assault are generally inherently sensitive and private in nature.");

WHEREAS Plaintiffs believe that public disclosure of the alleged sexual abuse would expose them to embarrassment, shame, and further distress in their personal and professional lives;

WHEREAS Defendant The Rockefeller University (formerly known as The Rockefeller Institute and The Rockefeller Institute for Medical Research), of which The Rockefeller University Hospital is a center (the "University"), is a private party;

WHEREAS the University has no objection to Plaintiffs' request to proceed by initials so long as the University retains all rights to a full and fair defense, including discovery to the fullest extent permitted under applicable discovery rules;

WHEREAS Plaintiffs will provide the University with disclosures of their true identities, *see Nygard*, 2020 WL 4890427, at *3 (permitting plaintiffs to proceed anonymously because, *inter alia*, plaintiffs agreed to make their identities known to the defendant);

WHEREAS the public will retain an ability to access these proceedings notwithstanding Plaintiffs' anonymity, *see Doe v. Szul Jewelry, Inc.*, No. 0604277/2007, 2008 WL 2157893, at *6 (Sup. Ct., N.Y. Cnty. May 8, 2008) ("[C]ourts have recognized that a grant of anonymity impacts far less on the public's right to open proceedings than does the closing of a courtroom or the sealing of records.");

WHEREAS courts in the Second Circuit have recognized that while the public has an interest in open court proceedings, the public also "has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 3423595, at *3 (S.D.N.Y. Aug. 5, 2021) (same);

WHEREAS Plaintiffs' identities have thus far been kept confidential, and the parties agree that entry of this Order is the appropriate mechanism for preserving Plaintiffs' confidentiality going forward; and

WHEREAS this Order does not constitute an admission by the University;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs may proceed on the Court's public docket in this lawsuit using their initials in place of their true names, and that:

1. Subject to the provisions and exceptions set forth in this Order, Defendant, its attorneys, and agents shall refrain from making public Plaintiffs' full names or true identities;

2. Within ten days of entry of this Order, Counsel of Record for Plaintiffs shall disclose to Counsel of Record for Defendant, in writing, the following information for each Plaintiff:

    A. name (including former name, if any);

    B. name at the time of the alleged abuse;

    C. date of birth;

    D. social security number;

    E. parents' and/or guardians' names at the time of the alleged abuse;

    F. current address; and

    G. address at the time of the alleged abuse, if known.

3. This Order does not diminish in any way the rights that Defendant otherwise would have in the absence of this Order as a litigant in this action, including, but not limited to:

    A. disclosing Plaintiffs' true names to Defendant's attorneys, experts, consultants, any persons otherwise retained to provide specialized advice to the University in this action, and/or the support staff or vendors employed or retained by such persons;

    B. disclosing Plaintiffs' true names in discovery in this action, including, but not limited to, requests for discovery and information, third-party subpoenas, depositions, and/or communications with persons responding to such requests

and/or potential party and non-party witnesses and/or their counsel (including, for example, current and former employees);

C.  disclosing Plaintiffs' true names in information provided to Defendant's insurance carriers, their counsel, and/or consultants; and

D.  disclosing Plaintiffs' true names to any referee; special master; and/or mediator, arbitrator, neutral, and/or other person engaged or appointed to facilitate alternative dispute resolution.

4.  In any disclosures in Paragraph No. 3 of Plaintiffs' true names by Defendant, Defendant shall instruct any person or entity under Defendant's control or retained by Defendant in this action to whom such disclosure is made to keep Plaintiffs' true names confidential from the public.

5.  In any disclosure to a third party not under Defendant's control or retained by Defendant in this action, Defendant will make best efforts not to disclose the caption of this litigation or the fact that Plaintiffs are parties to litigation.  In the event an authorization that does not identify a plaintiff as a party to litigation is insufficient to obtain records sought by Defendant, Defendant shall serve with any subpoena for the production of documents a copy of this Order and shall include a cover letter with the subpoena requesting that the receiving party keep the plaintiff's true name confidential from the public.

6.  Any party filing a motion or other papers with the Court that contain Plaintiffs' true names or other identifying information shall publicly file the motion or papers in redacted form, via the Court's Electronic Case Filing system, redacting Plaintiffs' true names or other identifying information and, in place of Plaintiffs' true names,

setting forth Plaintiffs' initials as applicable.  Any party filing a document in redacted

form pursuant to this Order shall provide an unredacted copy of the document to the

other party's counsel.

7.  The parties may seek to modify or amend this Order at any time upon motion to

the Court.

SO ORDERED.

Dated:  May 18, 2022
_____
New York, New York

_____
Hon. Jesse M. Furman
United States District Judge
Southern District of New York